

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN P. YOUNG<br><br>*Plaintiff*<br><br>v.<br><br>AKER PHILADELPHIA SHIPYARD, INC.<br><br>*Defendant* | Civil Action No. 09- **09 4184**<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

1. Plaintiff is Steven P. Young, an individual residing at 14 Scarlet Avenue, Aston, PA 19014.

2. Defendant is Aker Philadelphia Shipyard, Inc., believed to be a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 2100 Kitty Hawk Avenue, Philadelphia, PA 19112. Defendant is a Norwegian owned company and many of its managerial personnel are foreign born and/or of foreign ancestry.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-16(c) and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et. seq.

4. Plaintiff has exhausted his administrative remedies by timely filing a charge with the

Philadelphia Commission on Human Relations, and cross filing with the Equal Employment Opportunity Commission. Plaintiff received a Right to Sue Letter form the EEOC on or about August 26, 2009.

5. Plaintiff is a 56 year old, American born, man who was hired by Defendant on or about January 10, 2000. Immediately prior to his employment with Defendant, Plaintiff was employed by Defendant's predecessor. Plaintiff's last position with Defendant was as the manager of Department 630, the Pre-Fab and Small Assembly Department. Plaintiff has more than thirty-six years experience in ship building.

6. Plaintiff successfully performed all duties assigned to him by Defendant, including the training of Kristian Rokke, a man under the age of thirty. Plaintiff was never disciplined while employed by Defendant and, in fact, in his most recent evaluation report prior to his termination, written by Robert Fitzpatrick, Defendant's Vice-President for Production, was rated "superior" in the assessment of his overall performance.

7. Plaintiff received regular salary increases until October 10, 2008, when he was told that he was terminated, effective immediately and without prior warning, for allegedly making a derogatory comment about a fellow employee. Plaintiff made no meaningful derogatory comments about any other of Defendant's employees but Plaintiff was never given the opportunity to respond to the allegations made against him and believes that there was no real reason, other than his age and/or national origin, for terminating him.

8. Although Defendant terminated Plaintiff because of an alleged derogatory comment he

made about another employee, Defendant did not discipline other, foreign born employees, who made extreme derogatory comments about fellow employees, including a comment by one foreign-born supervisor that another employee was a "Nazi asshole."

9. After his termination, Plaintiff's job duties were assumed by Mr. Rokke, who is approximately thirty years younger than Plaintiff and has virtually no experience in ship building and is, unquestionably, less qualified than Plaintiff to perform the duties which Plaintiff was performing for Defendant. While Mr. Rokke is American born, his parents are foreign-born and he has spent the majority of his life outside the United States and is viewed by Defendant as a non-American.

10. Plaintiff was fully qualified to continue his job with Defendant but Defendant preferred to employ a much younger person, and one of foreign ancestry, instead of Plaintiff.

11. Plaintiff believes, and therefore avers, that the act of discharging him, despite his acknowledged qualifications was the result of age and national origin discrimination.

12. Since his termination of employment with Defendant, Plaintiff has not been able to obtain employment.

13. As a result of his dismissal, Plaintiff has been denied rights guaranteed to him by law.

14. Defendant knew, or should have known, of the discrimination which was practiced against Plaintiff, and having the power and authority to prevent the commission of the

wrongs, neglected and willfully refused to act in preventing the wrongs done to Plaintiff.

15. The acts of Defendant, through its agents, managers, officers and employees, were willful, wanton and malicious and were specifically calculated to harm Plaintiff and to violate his rights.

## COUNT I
## AGE DISCRIMINATION

16. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 15, above, as if set forth herein in full.

17. Defendant discriminated against Plaintiff on the basis of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et. seq., in that a significantly younger person with less qualifications than Plaintiff was retained by Defendant when Plaintiff was terminated from his job without just cause by reason of his age.

WHEREFORE, Plaintiff seeks the following relief:

    A. A declaration that the conduct of Defendant constitutes a violation of rights guaranteed to Plaintiff;

    B. An award of back pay and all other benefits and increments to which Plaintiff is entitled;

    C. An award of front pay and all other benefits and increments to which Plaintiff is entitled;

D. An award of such other and further relief as this Court deems just, including, but not limited to, liquidated damages, prejudgment interest and such other reasonable and appropriate relief necessary to correct the illegality and wrong done to Plaintiff; and

E. An award of Plaintiff's costs and reasonable counsel fees.

## COUNT II

## NATIONAL ORIGIN DISCRIMINATION

18. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 17, above, as if set forth herein in full.

19. The acts and omissions of Defendant constitute unlawful discrimination against Plaintiff on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and were intentional and willful in conduct.

WHEREFORE, Plaintiff seeks the following relief:

A. A declaration that the conduct of Defendant constitutes a violation of rights guaranteed to Plaintiff;

B. An award of back pay and all other benefits and increments to which Plaintiff is entitled;

C. An award of front pay and all other benefits and increments to which Plaintiff is entitled;

D. An award of such other and further relief as this Court deems just, including, but not limited to, compensatory damages, punitive damages, prejudgment interest and such

other reasonable and appropriate relief necessary to correct the illegality and wrong done to Plaintiff; and

 E. An award of Plaintiff's costs and reasonable counsel fees.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT

20. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 19, above, as if set forth herein in full.

21. Defendant discriminated against Plaintiff on the basis of age and national origin in violation of the Pennsylvania Human Relations Act, 43 P.S. §951, et seq.

WHEREFORE, Plaintiff seeks the following relief:

 A. A declaration that the conduct of Defendant constitutes a violation of rights guaranteed to Plaintiff;

 B. An award of back pay and all other benefits and increments to which Plaintiff is entitled;

 C. An award of front pay and all other benefits and increments to which Plaintiff is entitled;

 D. An award of such other and further relief as this Court deems just, including, but not limited to, compensatory damages, prejudgment interest and such other reasonable and appropriate relief necessary to correct the illegality and wrong done to Plaintiff; and

 E. An award of Plaintiff's costs and reasonable counsel fees.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues to which the right to a trial by jury is applicable.

                                        _____SS 503_____ /s/ Steven T. Stern
                                        STEVEN T. STERN, ESQUIRE
                                        1608 Walnut Street, Ninth Floor
                                        Philadelphia, PA 19103
                                        (215) 732-4200
                                        Attorney for Plaintiff, Steven P. Young